UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOHN T. MCNAMARA, JR., | : | Civil No. 10-3651 (RBK) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | **AND ORDER** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

     Plaintiff submitted a civil Complaint pursuant to 42 U.S.C. § 1983, and prepaid his filing fee, and it appearing that:

     1. Plaintiff is a former state prisoner raising allegation in connections with the events that, allegedly, took place during the period of his confinement. See Docket Entry No. 1. Plaintiff's Complaint consists of 38 pages, single-spaced, and encompasses 170 paragraphs, that is, not counting the pages stating Plaintiff's "counts" and his demands for relief. See id. Moreover, the Complaint names 43 Defendants (some of which present sub-groups of defendants). See id. While the sheer volume of Plaintiff's submission prevents the Court from determining, intelligently, the exact nature of Plaintiff's claims, it appears that the bulk of Plaintiff's claims are based on the doctrine of respondeat superior, or consist of allegation against Defendants with regard to whom Plaintiff cannot even articulate any facts of their involvement in this matter. See id. In addition, certain statements made in the Complaint suggest that Plaintiff might have wished to allege failure-to-protect challenges and, perhaps, challenges asserting denial of medical care, as well as claims based on transfer from one prison facility to another, or claims based on verbal mockery.

2. For the reasons detailed below, Plaintiff's Complaint will be dismissed, and Plaintiff will be granted leave to file an amended complaint complying with the requirements and legal standards detailed to him herein.

3. In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). However, a civil complaint must conform to the requirements set forth in Rules 8(a) and (e) of the Federal Rules of Civil Procedure. The Rules require that the complaint be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (emphasis supplied); cf. McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants and encompassing eighty-eight paragraphs). Here, Plaintiff's 170-paragraph-plus-pages-of-counts-and-pages-of-demands-for-relief Complaint facially fails to comply with Rule 8 requirement for a "simple and concise" statement. Therefore, Plaintiff's Complaint will be dismissed, without prejudice, on the grounds of his failure to meet the requirements of Rule 8.

4. Moreover, Rule 20(a)(2) of the Federal Rules of Civil Procedure limits the joinder of defendants, and Rule 18(a), governs the joinder of claims. See Fed. R. Civ. P. 18(a), 20(a)(2).

Rule 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) and (B). Rule 18 (a) provides : "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Wright & Miller's treatise on federal civil procedure explains that, where multiple defendants are named, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18 . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all . . .

Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil 3d §1655; see also United States v. Mississippi, 380 U.S. 128, 143 (1965) (where county registrars were alleged to be carrying on activities which were part of a series of transactions or occurrences the validity of which depended upon questions of law or fact common to all of them, joinder of registrars in one suit as defendants was proper under Rule 20(a)); Ross v. Meagan, 638 F. 2d 646, 650 n.5 (3d Cir. 1981), overruled on other grounds by, Neitzke v. Williams, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied). Consequently, a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional

defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact. See Fed. R. Civ. P. 20(a)(2).  As the United States Court of Appeals for the Seventh Circuit recently explained, a prisoner may not join in one case all defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g) . . .
>
> A buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions - should be rejected if filed by a prisoner.

George v. Smith, 507 F. 3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's Complaint drafted in the "everything-but-the-kitchen-sink" style, facially fails to comply with the requirements posed by Rules 18 and 20 and, therefore, will be dismissed, without prejudice, on these grounds.

     5.  The Complaint names, as the first Defendant in this action, the State of New Jersey, see Docket Entry No. 1, at 1, even though the State is immune from suit under the Eleventh Amendment.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) (stating that § 1983 "provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its

immunity"); Employees of Dept. of Public Health & Welfare v. Dept. of Public Health & Welfare, 411 U.S. 279, 280 (1973) (stating that even though the text of the Eleventh Amendment expressly bars suits in federal court against states by citizens of other states and foreign states, the Amendment has been broadly interpreted to provide immunity to an unconsenting state for "suits brought in federal courts by her own citizens as well"); Melo v. Hafer, 912 F.2d 628, 636 (3d Cir. 1990) (the Eleventh Amendment has been interpreted to bar suits for monetary damages by private individuals).  Therefore, Plaintiff's claims against the State will be dismissed, with prejudice, and shall not be re-attempted in Plaintiff's amended complaint.

  6. Analogously, Plaintiff's claims against the Department of Corrections will be dismissed with prejudice, since the Department is not a "person" within the meaning of Section 1983, and such claims shall not be re-attempted in Plaintiff's amended complaint.  See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 688-90 (1978); see also Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989).

  7. Moreover, to the degree Plaintiff's claims against State officials were intended to impose liability with regard to Defendants' actions undertaken in their official capacity, these claims will, too, be dismissed with prejudice and shall not be re-attempted in Plaintiff's amended complaint: a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974); see also Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); Quern v. Jordan, 440 U.S. 332 (1979); accord Hafer v.

Melo, 502 U.S. 21, 25 (1991) ( § 1983 suit against governmental officer in official-capacity represents another way of pleading an action against the entity of which officer is an agent); Kentucky v. Graham, 473 U.S. 159, 165 (1985) (stating that suing a government employee in his official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent").

      8.  The same applies to Plaintiff's claims against Defendants with regard to whom Plaintiff cannot assert any facts showing these Defendants' personal involvement in the wrongs allegedly suffered by Plaintiff, i.e., the claims asserting nothing but Plaintiff's self-serving speculation that, if allowed to conduct discovery, Plaintiff might encounter some facts allowing him to implicate these Defendants.  Such claims will be dismissed with prejudice and shall not be re-attempted in Plaintiff's amended complaint.  While a court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff," Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997), courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See Burlington Coat Fact. Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Therefore, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).  Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . "[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed). This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of

applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has instructed district courts to conduct, with regard to Rule 8 allegations.  A two-part analysis when the district courts are presented with a Rule 12(b)(6) motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [See Iqbal, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.]  In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief*.'"  Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).  Therefore, the claims asserted in Plaintiff's amended complaint with regard to each particular Defendant must be based on actually pled facts rather than self-serving speculations.  Cf. Advanta Corp. Sec. Litig., 180 F.3d 525, 534 (3d Cir. 1999) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990), for the observation that a pleading must indicate "'the who, what, when, where, and how: the first paragraph of any newspaper story").

      9. The same applies to Plaintiff's claims asserted solely on the basis of Defendants' supervisory capacities: these claims will be dismissed with prejudice and shall be re-attempted in Plaintiff's amended complaint.  The holding of Iqbal, while applicable to all types of civil claims,

---

facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

is particularly relevant to allegations based solely on supervisory liability: a litigant does not state a cognizable claim if he asserts nothing but a claim based on the respondeat superior theory. See Iqbal, 129 S. Ct. at 1949-54; Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of *specific* facts showing that a defendant *expressly directed* the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; e.g., supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. See Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also Iqbal, 129 S. Ct. at 1949-54; City of Canton v. Harris, 489 U.S. 378 (1989); Monell, 436 U.S. at 694-95; Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed. App'x 240 (3d Cir. 2005); accord Junne v. Atl. City Med. Ctr., 2008 U.S. Dist. LEXIS 34147, at *27-37 (D.N.J. Apr. 25, 2008) (discussing invalidity of respondeat superior claims against the county and its freeholders, warden and other prison supervisors).

    10. Plaintiff's claims asserting failure to protect will be dismissed without prejudice, so Plaintiff would have an opportunity to state facts establishing that he has a plausible claim showing Defendants' liability in accordance with the applicable test. The Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, prohibits the states from

inflicting "cruel and unusual punishments" on those convicted of crimes. See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes, 452 U.S. at 347). To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim. The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety. See id. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996). In the context of a failure-to-protect claim, the inmate must assert facts showing that he was "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and – in addition – assert facts showing that prison officials actually knew of – but disregarded – this particular excessive risk to inmate safety. Id. at 837. Moreover, "[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror." Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). "Whether prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] *knew of a substantial risk* from the very

fact that the risk was obvious." Farmer, 511 U.S. at 842 (emphasis supplied).  Therefore, a valid claim asserting deliberate indifference must state facts indicating more than a mere lack of ordinary due care, i.e., the plaintiff must assert facts showing that the defendant had a state of mind equivalent to, at least, a reckless disregard of a *known* risk of harm.  See id. at 834. Consequently, in the event Plaintiff elects to re-raise his failure-to-protect claims in his amended complaint, he has to allege facts showing that Defendants actually knew of the risk of harm to Plaintiff but recklessly disregarded the information that Plaintiff faced that particular risk.

     11.  Analogously, Plaintiff's claims asserting denial of medical care will be dismissed without prejudice, so Plaintiff would have an opportunity to state facts establishing that he has a plausible claim showing Defendants' liability in accordance with the applicable test.  The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. at 349, but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).  As noted supra, in its prohibition of "cruel and unusual punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials . . . must take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984), see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976).  Thus, the Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes, 452 U.S. at 346, 347.  The cruel and unusual punishment standard is not static, but is measured by "the evolving

standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). Consequently, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Persistent severe pain qualifies as a serious medical need. A medical need is also serious where it "has been diagnosed by a physician as requiring treatment or is . . . so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988). "Deliberate indifference," in turn, exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197. Furthermore, deliberately delaying necessary medical diagnosis for a long period of time in order to avoid providing care constitutes deliberate indifference that is actionable. See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993). Deliberate indifference is also evident where officials erect arbitrary and burdensome procedures that result in interminable delays and denials of medical care to suffering inmates. See Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987), cert. denied 486 U.S. 1006 (1998). However, neither inconsistencies or differences in medical diagnoses, nor refusal to consider inmate's self-diagnoses, to summon the medical specialist of the inmate's choice, to perform tests or procedures that the inmate desires, to explain to the inmate the reason for medical action or inaction, or to train the inmate to perform medical procedures can amount to cruel and unusual

punishment.  See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (mere disagreements over medical judgment do not state Eighth Amendment claims).  Therefore, if Plaintiff elects to re-raise his denial-of-medical-care claims in his amended complaint, Plaintiff shall detail the facts meeting both prongs of the Eighth Amendment test, as detailed in this paragraph.

      12.  Furthermore, Plaintiff's claims based on allegations of verbal mockery will be dismissed with prejudice and shall not be re-attempted in Plaintiff's amended complaint.  Acts of verbal harassment, unaccompanied by physical violence, cannot qualify as violations of the Eighth Amendment.  See Stepney v. Gilliard, 2005 U.S. Dist. LEXIS 31889, at *19 (N.J.D. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain' under the common meaning of those terms.  'Verbal harassment or profanity alone . . . no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998)); see also Robinson v. Taylor, 2005 U.S. Dist. LEXIS 20951, at *8-9 (D. Del. Sept. 26, 2005) ("[M]ere verbal harassment does not give rise to a constitutional violation[; even if it is] inexcusable and offensive, [it] do[es] not establish liability under section 1983) (quoting McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and citing Moore v. Morris, 116 Fed. App'x 203, 205 (10th Cir. 2004), Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), and Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 187-89 (D.N.J. 1993)); Abuhouran v. Acker, 2005 U.S. Dist. LEXIS 12864, at *15 (E.D. Pa. June 29, 2005) ("It is well established . . . that . . . verbal harassment, . . . standing alone, do[es] not state a constitutional claim") (citing Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999),  Williams v. Bramer, 180 F.3d 699, 706 (5th

Cir. 1999), and Maclean v. Secor, 876 F. Supp. 695, 698 (E.D. Pa. 1995)); Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (dismissing prisoner's claim that defendant laughed at prisoner and threatened to hang him).

    13.  Finally, Plaintiff's claims based on his alleged transfer from one prison facility to another prison facility (which, it seems, was not Plaintiff's preferred choice) will, too, be dismissed with prejudice and shall not be re-attempted in Plaintiff's amended complaint. See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983) (inmates have no due process right to choose their specific place of confinement); Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

    IT IS THEREFORE on this   15th   day of    November   , 2010,

    ORDERED that Plaintiff's Complaint, Docket Entry No. 1, is dismissed for failure to comply with the requirements of Rules 8, 18 and 20; and it is further

    ORDERED that Plaintiff's claims against the State, Department of Corrections and allegations against State officials as to the acts performed within their official capacity are dismissed with prejudice; and it is further

    ORDERED that Plaintiff's claims based solely on the doctrine of respondeat superior are dismissed with prejudice; and it is further

    ORDERED that Plaintiff's claims asserted without Plaintiff having any facts or asserted on the grounds that Plaintiff might develop pertinent facts only if allowed to conduct discovery are dismissed with prejudice; and it is further

    ORDERED that Plaintiff's allegations of verbal harassment or on Plaintiff's transfer to another prison facility are dismissed with prejudice for failure to state a claim upon which relief can be granted; and it is further

ORDERED that Plaintiff's claims asserting failure to protect, denial of medical care and other claims that could not have been detected by the Court due to the unduly voluminous diary-like drafting style of Plaintiff's Complaint are dismissed without prejudice to Plaintiff's filing an amended complaint, within thirty days from the date of entry of this Memorandum Opinion and Order; and it is further

ORDERED that, in the event Plaintiff elects to file an amended complaint, he shall prepare a "clear and concise" submission complying with the requirements of Rules 8; such submission shall also comply with the transactional-relation and first-named-defendant-relation requirements posed by Rules 18 and 20; and it is further

ORDERED that, for the purposes of such amended complaint, Plaintiff shall provide a chain of statements, with only *one statement* relating only to *one particular* Defendant. Each such statement shall: (a) not exceed half a page, double spaced; and (b) detail the facts showing this particular Defendant's personal involvement in the wrongs allegedly suffered by Plaintiff.[2] Plaintiff need not raise jurisdictional arguments, and he shall not cite any law and make any bold conclusions: he shall refrain his statements solely to accounts of the facts known to Plaintiff; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED," subject to reopening in

---

[2] For instance, such statement may read as "Claims against Defendant A: Defendant A was aware that inmate B was violent since B was locked in the SHU after attacking inmates C, D and E, but A locked me in the same cell with B for *x* hours, and B fractured my skull" or "Claims against Defendant Y: Defendant Y saw my skull fractured and bleeding but denied me medical care for *x* hours."

the event Plaintiff timely submits his amended complaint complying with the guidance provided to him herein; and it is finally

    ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with a blank civil rights complaint form.

s/Robert B. Kugler
**Robert B. Kugler**
**United States District Judge**
